```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
_____

CALVIN D. AYCOCK and           )
LINDA J. AYCOCK,               )
                               )
     Plaintiffs,               )
                               )
v.                             )   No. 18-cv-2463-SHL-tmp
                               )
COMMISSIONER OF INTERNAL       )
REVENUE,                       )
                               )
     Defendant.                )
_____

                 REPORT AND RECOMMENDATION
_____
```

Before the court is a motion to dismiss, filed by the United States of America on behalf of the Commissioner of Internal Revenue ("the government"), on December 3, 2018.[1] (ECF No. 13.) Because plaintiffs Calvin D. Aycock and Linda J. Aycock did not timely respond, the court entered an order to show cause directing plaintiffs to respond on or before January 16, 2019. (ECF No. 14.) Plaintiffs filed a Request for Leave to Amend Petition for Declaratory Judgment on January 16, 2019, and a Notice of Corrected Amended Petition for Declaratory Judgment the next day. (ECF Nos. 15 & 16.) For the following

---

[1] Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

reasons, the undersigned recommends that the government's motion be granted.

## I. PROPOSED FINDINGS OF FACT

Plaintiffs' *pro se* Petition for Declaratory Judgment names the Commissioner of Internal Revenue ("Commissioner") as the respondent and appears to assert that the Commissioner did not mail plaintiffs a notice of deficiency for the tax years 2005 through 2017. (ECF No. 1 at 1.) The petition also asserts that the Commissioner "continues with its collection efforts despite of said stated admissions" and "sent Petitioner Calvin Aycock a tax bill . . . [for] 'seriously delinquent tax debt' of $26,649.65 for tax years 2010, 2012 and 2014." (Id. at 2.) The petition seeks "a declaration of rights, duties and obligations regarding Petitioners' relationship or non-relationship to [the Commissioner]" and "an order permanently staying the collection of Federal Income Taxes for Taxable Years 2005 through 2017." (Id. at 2-3.) In the alternative plaintiffs' request that, "with Petitioner being only secondarily liable to [the Commissioner's] claim, this Honorable Court shall certify Petitioner's right to subrogate [the Commissioner's] claim as subrogee" and enter an order endorsing "said bond(s) for full settlement of all claims levied by [the Commissioner]; and to

cause [the Commissioner] to release all liens currently in force against Petitioners." (Id.) Plaintiffs subsequently filed an Amendment to Petition for Declaratory Judgment, which merely added Linda J. Aycock as a second petitioner. (ECF No. 7.)

The government moved to dismiss the petition due to lack of subject matter jurisdiction, failure to properly serve the government, and frivolousness. (ECF No. 13.) Because plaintiffs did not timely respond, the court entered an order to show cause. (ECF No. 14.) In response to the order to show cause, plaintiffs sought to amend their petition under Federal Rule of Civil Procedure 15(a)(2) "in lieu of a response in opposition to [the government's] motion to dismiss." (ECF No. 15 at 1.) Plaintiffs' Amended Petition for Declaratory Judgment nonetheless includes four paragraphs that appear to address the government's motion. (Id. at 2-3, Paragraph Nos. 5-8.) In the "Cause of Action" section, plaintiffs add an assertion that the government failed to comply with 26 U.S.C. § 6065. (ECF No. 15-1 at 4.) And in a "Conclusion" section, plaintiffs assert, "the only question before this Honorable Court: can a non-living, non-substantive idea make a claim against the living, breathing sentient man?" (Id. at 5.) Plaintiffs contend that "[s]ince there can be no injury to a non-corporal entity such statutory

- 3 -

rules governing commercial beings is a misapplication of law upon Petitioner." (Id.) There is otherwise no material difference between the two petitions. The next day, plaintiffs filed a Corrected Amended Petition for Declaratory Judgment that revises an "incorrect case number" and corrects a typographical error. (ECF No. 16.) That petition also includes a request for entry of default under Federal Rule of Civil Procedure 55(a).

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Leave to Amend Petition

A party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading or Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(A)-(B). Otherwise, a party must obtain the opposing party's written consent or leave of court, which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the court's discretion:

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the

- 4 -

>    leave without any justifying reason appearing for the
>    denial is not an exercise of discretion; it is merely
>    abuse of that discretion and inconsistent with the
>    spirit of the Federal Rules.

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Minner v. Shelby Cty. Gov., et al.</u>, No. 2:17-cv-2714-JPM-cgc, 2018 WL 4762136, at *3 (W.D. Tenn. Oct. 2, 2018). Any redundant or immaterial matter may be stricken from a pleading. Fed. R. Civ. P. 12(f).

Plaintiffs apparently served their initial petition on July 20, 2018, and the government's motion to dismiss was served by mail on December 3, 2018. The amended petition was filed on January 16, 2019, well over 21 days after either date. Therefore, plaintiffs may not amend the petition as a matter of course. <u>See</u> Fed. R. Civ. P. 15(a)(1)(A)-(B). Nor did plaintiffs obtain the government's written consent. <u>See</u> Fed. R. Civ. P. 15(a)(2). However, because plaintiffs' Corrected Amended Petition contains paragraphs that appear to respond to the government's motion to dismiss, and because it does not add any new substantive claims against the government, the court should grant leave to amend the petition and consider this amended petition in deciding the motion to dismiss.

**B.   Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) provides for

dismissal for lack of subject matter jurisdiction. "'A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists.'" Thomas v. Tenn. Dep't of Transp., No. 2:13-cv-02185-JPM-cgc, 2013 WL 12099086, at *4 (W.D. Tenn. Oct. 28, 2013) (quoting DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004)). If the court determines that it lacks subject matter jurisdiction, it "shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

In this case, because the government challenges the sufficiency of plaintiffs' complaint, and because the court will not be required to make any factual findings in deciding whether it has jurisdiction, the court will consider the government's motion as a facial attack and take plaintiffs' allegations as true for the purposes of ruling on the Rule 12(b)(1) motion. Plaintiffs appear to seek a "declaration of rights" as to their relationship with the Commissioner, an order permanently staying collection of their federal taxes from 2005 through 2017, and an order forcing the Commissioner to "release all liens currently

in force" against plaintiffs.[2] (ECF No. 1 at 2-3.)

"The United States is immune from suit unless Congress has expressly waived the defense of sovereign immunity by statute." Satterlee v. Comm'r of Internal Revenue, 195 F. Supp. 3d 327, 335 (D.D.C. 2016); see also United States v. Mitchell, 463 U.S. 206, 212, (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Such consent must be "unequivocally expressed." United States v. Nordic Vill., Inc., 503 U.S. 30, 33–34 (1992). "Waivers of sovereign immunity are 'strictly construed . . . [and] in favor of the sovereign.'" Satterlee, 195 F. Supp. 3d at 335 (quoting Lane v. Pena, 518 U.S. 187, 192 (1996)). If sovereign immunity has not been waived, federal courts lack subject matter jurisdiction over the claims. Hevener v. United States, No. 17-2577 (RJL), 2019 WL 367917 at *2 (D.D.C. Jan. 30, 2019). It is the

---

[2]Suits for tax refunds or for damages should generally be brought against the United States. See 26 U.S.C. §§ 7422(f); 7433(a); see also Rae v. United States, 530 F. Supp. 2d 127, 129 (D.D.C. 2008). To the extent plaintiffs seek either of these remedies, the United States would be the proper party, not the Commissioner of Internal Revenue. See Tickel v. Comm'r of Internal Revenue, 623 F. Supp. 218, 219 (E.D. Tenn. 1985). However, because the court determines that it lacks subject matter jurisdiction over this case, it need not address the government's arguments regarding whether the United States should be substituted as the proper party and whether it has been properly served.

plaintiff's burden to establish that sovereign immunity has been abrogated. Id. (citing Jackson v. Bush, 448 F. Supp. 2d 198, 200 (D.D.C. 2006)); see also Freeman v. Sullivan, 954 F. Supp. 2d 730, 754 (W.D. Tenn. 2013).

Plaintiffs do not identify any statutory basis for their claims that would provide a basis for a waiver of sovereign immunity. Their filings make only vague references to challenging the "collection" of their taxes and for a "release of liens." But there are no allegations seeking damages, see Agility Network Servs., Inc. v. United States, 848 F.3d 790, 793-94 (6th Cir. 2017) (citing 26 U.S.C. § 7433) (authorizing suit against federal government for damages where tax code or regulation is violated recklessly, intentionally, or negligently); Shearin v. United States, No. 07-2269-BBD/sta, 2008 WL 2050836 at *2 (W.D. Tenn. Mar. 6, 2008) (citing 26 U.S.C. § 7432(a)) (authorizing suit for damages where Internal Revenue Service official or employee knowingly or negligently fails to release a lien on taxpayer's property), and more importantly, there is no indication plaintiffs have actually paid their tax liabilities (even if they believe such liabilities were wrongfully assessed or collected) before filing the present action. See Dunlap v. Lew, No. 16-3658, 2017 WL 9496075, at *2

(6th Cir. June 2, 2017) ("A taxpayer must generally pay his or her full tax liability before filing suit in federal court."); Means v. Stocker, 49 F. Supp. 2d 1047, 1050 (W.D. Tenn. 1998) ("By not paying the tax assessed against him, plaintiff also voluntarily deprives himself of the remedies provided by 26 U.S.C. §§ 7432 and 7433 for civil damages."); see also 28 U.S.C. § 1346(a)(1); Satterlee, 195 F. Supp. 3d at 337 n.3. Because waiver of sovereign immunity is strictly construed in the government's favor, the undersigned submits that the court lacks jurisdiction to consider such claims. See Satterlee, 195 F. Supp. 3d at 335.

    The government otherwise retains immunity from cases involving the relief that plaintiffs appear to seek. To the extent plaintiffs seek a declaratory judgment with respect to their tax liabilities from 2005 through 2017, such relief is precluded by the Declaratory Judgment Act, and this court accordingly lacks jurisdiction to consider such a claim. See 28 U.S.C. § 2201 (stating that federal courts may declare the rights and legal relations of interested parties "except with respect to Federal taxes . . ."); CIC Servs., LLC v. IRS, No. 3:17-cv-110, 2017 WL 5015510, at *2-4 (E.D. Tenn. Nov. 2, 2017); King v. United States, No. 3:12-CV-71, 2013 WL 7727609, at *2

(E.D. Tenn. Feb. 20, 2013) (citing Lutz v. United States, 919 F. 738 (table), No. 90-5226, 1990 WL 193066, at *2 (6th Cir. Dec. 6, 1990)). To the extent plaintiffs seek an order staying collection of their federal income tax from 2005 through 2017, i.e. restraining the collection of their taxes, this court lacks jurisdiction under the Anti-Injunction Act. See 26 U.S.C. § 7421(a); CIC Servs., LLC, 2017 WL 5015510, at *2-4. The limited exception to the Anti-Injunction Act does not appear to apply. See Agility Network Servs., Inc., 848 F.3d at 796 ("If 'under no circumstances could the Government ultimately prevail,' and 'equity jurisdiction otherwise exists,' a court may issue an injunction that would otherwise be barred by § 7421(a).") (quoting Enochs v. Williams Packing & Navigation Co., Inc., 370 U.S. 1, 7 (1962)). To the extent plaintiffs intend to assert that they do not owe income taxes at all, "those claims 'fall beyond the scope of Section 7433's limited waiver of sovereign immunity,' depriving the court of subject matter jurisdiction." Satterlee, 195 F. Supp. 3d at 337 (citing Miller, 66 F.3d at 222-23; Dockery v. U.S. Dep't of Treasury, 593 F. Supp. 2d 258, 260-61 (D.D.C. 2009)).

Finally, plaintiffs' Corrected Amended Petition states that "Petitioner sees no evidence Respondent is in compliance with

IRC section 6065 which requires all tax returns and their Assessment Certificates must be signed under penalty of perjury[.]" (ECF No. 16-1 at 4.) This section of the Internal Revenue Code only applies to returns and other documents that must be filed by taxpayers; it imposes no obligation on the Commissioner of Internal Revenue. See 26 U.S.C. § 6065; Rich v. Cripe, No. 2:97-0051, 1997 WL 759617 at *4 (M.D. Tenn. Oct. 7, 1997); cf. Anselmo v. United States, No. 17-00043-BAJ-RLB, 2018 WL 1006450, at *2 (M.D. La. Jan. 30, 2018). This claim is wholly devoid of merit and should be dismissed for lack of subject matter jurisdiction. See Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).

### III. RECOMMENDATION

For these reasons, the undersigned recommends that the government's motion to dismiss for lack of subject matter jurisdiction be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 14, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**